*Brown v. Cerberus Capital Management, L.P.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand seventeen.

PRESENT:

> ROBERT D. SACK,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

TONYA BROWN, JOHN ELSTAD, ELIZABETH HOMAN, ALBERT GOEKEN, JEFF SAMPERE,

*Plaintiffs-Appellants,*

v.                                                          No. 17-63

CERBERUS CAPITAL MANAGEMENT, L.P., CERBERUS COVIS LLC, COVIS HOLDINGS L.P., COVIS MANAGEMENT INVESTORS LLC, COVIS US HOLDINGS, LLC, COVIS MANAGEMENT INVESTORS US LLC, COVIS PHARMACEUTICALS, INC., ETHAN KLEMPERER, MICHAEL KELLY, MICHAEL WELLS, PRINCETON BIOPHARMA COINVESTMENT I, L.P., PRINCETON BIOPHARMA CAPITAL PARTNERS, LLC, ALEXANDER BENJAMIN,

*Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:  JOSHUA L. SEIFERT, New York, New York.

FOR DEFENDANTS-APPELLEES:  SHEILA A. SADIGHI (Gavin J. Rooney, on the brief), Lowenstein Sandler LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 13, 2016 judgment entered by the District Court is **AFFIRMED**.

Plaintiffs are former employees of Covis Pharmaceuticals Inc. ("CPI"), whose grievances arise out of Defendants' purported misstatements, omissions, and other allegedly fraudulent conduct surrounding a 2013 reorganization of the "Covis enterprise" (a term we use, as do the parties, to refer collectively to CPI and other Covis companies). As part of that reorganization, CPI was separated from its one-time parent, Covis Holdings L.P. ("CLP"), and became a subsidiary of Covis US Holdings, LLC ("C-US"). Plaintiffs allege that, before the reorganization, they held valuable profits interests in CLP but, as part of the reorganization, they exchanged those interests for less valuable profits interests in C-US, in reliance on Defendants' actions. On appeal, Plaintiffs challenge the District Court's dismissal under Rule 12(b)(6) of their federal securities fraud claims. They argue that the District Court improperly relied on documents outside the complaint in ruling on the adequacy of their allegations, and assert that the District Court further erred in declining to grant them a second opportunity to amend their complaint. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

By their failure to pursue it in their opening brief, *see LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995), Plaintiffs have abandoned the theory of securities fraud that they pressed before the District Court: that Defendants violated Rule 10b-5 by making material misstatements about the value of the C-US profits interests and a tax "gross up" to induce Plaintiffs' continued employment at CPI, Am. Compl. ¶ 23. In any event, the District Court correctly determined that the amended complaint lacks sufficient allegations of scienter to support Plaintiffs' now-abandoned theory. Under the Private Securities Litigation Reform Act ("PSLRA"), a plaintiff must plead facts "giving rise to a strong inference" of scienter, 15 U.S.C. § 78u–4(b)(2)(A); *see also In re Advanced Battery Techs., Inc.*, 781 F.3d 638, 644 (2d Cir. 2015), and cannot rely on "motives possessed by virtually all corporate insiders," *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000), to support their claims. We conclude after *de novo* review that the amended complaint did not meet this heightened pleading standard.

Plaintiffs now assert, for the first time, that Defendants engaged in "insider trading" by inducing Plaintiffs—through material misrepresentations and omissions—to swap their more valuable profits interests in the pre-reorganization CLP for less valuable profits interests the post-reorganization C-US. Pls.' Br. 33-34. Because this theory was not raised before the District Court, we decline to evaluate it here. *Mago Int'l v. LHB AG*, 833 F.3d 270, 274 (2d Cir. 2016) ("We have repeatedly held that if an argument has not been raised before the district court, we will not consider it [on appeal]." (internal quotation marks and alteration omitted)).

Plaintiffs next argue that the District Court improperly relied on documents outside the complaint in dismissing Plaintiff Albert Goeken's securities fraud claim based on Defendants' failure to inform him of Covis's merger negotiations with an unknown party when he decided to retire. In particular, Plaintiffs argue that the District Court improperly relied on Defendants' November 10, 2015 letter to Plaintiffs, in which Defendants characterize the relevant merger negotiations as "fruitless"—a term found nowhere in the amended complaint but quoted in the District Court's decision. Joint Appendix 551. Even if the District Court did err in making this reference, however, Plaintiffs' securities fraud claim nonetheless fails because the

3

amended complaint fails to plead facts from which the materiality of those negotiations may be inferred.

To determine whether a misrepresentation is material, we "look to whether there is 'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 92–93 (2d Cir. 2010) (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988)). The amended complaint alleges that "in the early summer of 2014, Cerberus and Covis entered into negotiations with a pharmaceutical company regarding a potential merger," that "Defendant Kelly failed to disclose to Mr. Goeken that Cerberus and Covis were in on-going merger negotiations with a pharmaceutical company," and that "when Mr. Goeken resigned his position in August 2014, Defendant Kelly failed to disclose that Covis had recently received a merger proposal and that negotiations were ongoing." Am. Compl. ¶¶ 232, 251, 344. Even accepting that merger negotiations were ongoing, in the context described in the amended complaint these allegations are insufficient to support an inference that the negotiations were material. *See Basic*, 485 U.S. at 239 (noting, in summary judgment setting, that the materiality of merger negotiations might be evidenced by factors such as "board resolutions, instructions to investment bankers, and actual negotiations between principals or their intermediaries"). The amended complaint alleges that the business plan of the Covis enterprise (and familiar to Plaintiffs) was that it would try to sell itself or its assets soon after developing a market in the pharmaceuticals that it acquired. Merger discussions and negotiations were thus to be expected, based on Plaintiffs' own description. Plaintiffs do not allege that these pending negotiations bore fruit and, in fact, the complaint alleges that the Covis enterprise did not receive the merger bid that it eventually accepted until some six months after Goeken retired.

This case is thus distinguishable from *Castellano v. Young & Rubicam, Inc.*, 257 F.3d 171 (2d Cir. 2001), on which Plaintiffs rely. In *Castellano*, the court concluded that a jury could find that a closely held corporation should have disclosed to an executive who was contemplating selling shares back to the corporation upon his retirement—the timing of which was within his

4

control—that merger negotiations (though failed) had been undertaken. *Id.* at 175, 182. The court reasoned that the fact of even failed merger negotiations was material to the plaintiff and could support a Rule 10b-5 claim because they "signaled a new willingness on behalf of [the company's] management to consider [a] sale of the company to a third party," when the company had a long history to the contrary and parties in control had assured the executive that no change was on the horizon. *Id.* at 176, 181. Here, the opposite is true: Plaintiffs allege that, from the inception of their involvement in the Covis enterprise, Plaintiffs knew that the venture was "short term" and that Covis executives were interested in quickly selling corporate assets once value could be realized. Am. Compl. ¶¶ 4, 54, 89. The pendency of merger negotiations thus signaled no more than the Covis enterprise's continued adherence to its announced corporate strategy.

Finally, Plaintiffs seek leave to amend their already once-amended complaint. This Court reviews "a district court's decision to permit or deny leave to amend a complaint for abuse of discretion." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). It is "within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006), *abrogated on other grounds by F.T.C. v. Actavis, Inc.*, 133 S. Ct. 2223 (2013). We perceive no abuse of discretion here. Plaintiffs enjoyed a full opportunity to amend, having been apprised of Defendants' views of the original complaint's shortcomings, and have continued only to shift theories of recovery, as reflected in their briefs, without identifying any way in which a further amendment of its factual allegations would cure the amended complaint's shortcomings.

We have considered all of Plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the December 13, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court